567 So.2d 937 (1990)
SARASOTA-MANATEE AIRPORT AUTHORITY, a Body Politic and Corporate, Appellant,
v.
Thomas F. ICARD, Jr., and Paul Icard, As Trustees; Thomas F. Icard, Jr., and Gene S. Icard, As Personal Representatives of the Estate of Thomas F. Icard, Deceased; and Gene S. Icard, Appellees.
No. 89-03005.
District Court of Appeal of Florida, Second District.
September 7, 1990.
Rehearing Denied October 10, 1990.
*938 A. Lamar Matthews, Jr., Steven D. Hutton and Martin Garcia of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellant.
S.W. Moore and Alan E. DeSerio of Brigham, Moore, Gaylord, Wilson, Ulmer, Schuster & Sachs, Sarasota, and Alan C. Sundberg and Thomas F. Icard, Jr., of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellees.
PATTERSON, Judge.
Appellant Sarasota-Manatee Airport Authority (the Authority), defendant below, challenges a partial summary judgment entered in favor of the appellees, plaintiffs below, which finds that a taking has occurred through inverse condemnation and leaves the issues of the extent of the avigational easement and damages, if any, for further proceedings. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). The Authority argues that the trial judge erred in finding a taking and not requiring proof of a loss in the property's market value. We agree and reverse.
The appellees own thirty-nine acres of property which lie approximately 5,500 to 6,000 feet northwest of the end of the major runway of the Sarasota-Bradenton Airport. Jet aircraft fly directly over the appellees' property. The minimum glide slope of approaching jet aircraft extends from 148 feet to 118 feet above ground level over the appellees' land.
In 1984 the appellees brought this inverse condemnation action and requested an order of taking compelling the Authority to institute eminent domain proceedings. The appellees claimed that jet airplane overflights have occurred at such altitudes and with such frequency as to have ripened into the taking of an avigational easement over the property. The appellees also alleged that they have been substantially deprived of the residential use of their property due to vibrations, fear, anxiety, fumes, residue, noise, disruption of conversation, and interruption of sleep. The appellees claimed that the aircraft overflights have destroyed the residential character of their property resulting in a marked, substantial decrease in its market value.
The appellees moved for summary judgment on the issue of the Authority's liability for a taking of avigational easements over the appellees' property. At the summary judgment hearing, the parties stipulated that they would not argue the existence of substantial market value impact on the property since there was a factual dispute over whether the property had suffered any market loss. The trial judge granted the appellees' motion for summary judgment on the issue of a taking, but reserved ruling on the extent of the easement taken and the amount of damages. The trial judge found that the appellees need not "concurrently establish legal damage to the property" to prove a taking.
This court's decision in Fields v. Sarasota-Manatee Airport Authority, 512 So.2d 961 (Fla. 2d DCA 1987), rev. denied, 520 So.2d 584 (Fla. 1988), supports the Authority's position and dictates a reversal. As in the present case, Fields dealt with direct overflights of aircraft, and the plaintiffs sought relief on the theory of the continuing physical invasion of the property due to the direct overflights. The Fields court held that because the plaintiffs did not prove a substantial loss in market value, they were not entitled to inverse condemnation relief. "Under the Florida Constitution and Florida case law, a `decreased increase' of one percent in the value of the landowner's property is not a continuing invasion of property, nor ouster or deprivation of all beneficial use of a landowner's property and does not entitle the landowner to compensation for inverse condemnation." Fields, 512 So.2d at 965.
Thus, in the present case the factual dispute over market value damage precludes *939 a grant of partial summary judgment on whether a taking has occurred. The partial summary judgment is reversed and the case remanded to determine whether there was substantial market value damage to constitute a taking, which would then require the Authority to institute eminent domain proceedings.
The Authority also contends that the appellees failed to present sufficient evidence of the altitude of the flights, the frequency of the flights and the amount of interference with the appellees' enjoyment of the property. We hold that the evidence was sufficient to support a taking, provided that the appellees can prove substantial market value damage on remand.
We do not reach the Authority's last point on appeal, because our reversal of the partial summary judgment renders the point moot.
Affirmed in part, reversed in part and remanded.
HALL, A.C.J., and PARKER, J., concur.